**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer R. Talbott,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-19-01812-PHX-ESW<br><br>**ORDER** |

Pending before the Court is Jennifer R. Talbott's appeal of the Social Security Administration's ("Social Security") denial of her applications for disability insurance benefits and supplemental security income. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. §§ 405(g), 1383(c). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 14). After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 20, 24, 27), the Court finds that the Administrative Law Judge's ("ALJ") decision contains harmful legal error. For the reasons explained in Section II, the decision is reversed and the case is remanded to the Commissioner of Social Security for an immediate award of benefits.

# I. LEGAL STANDARDS

## A. Disability Analysis: Five-Step Evaluation

The Social Security Act (the "Act") provides for disability insurance benefits to those who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). The Act also provides for supplemental security income to certain individuals who are aged 65 or older, blind, or disabled and have limited income. 42 U.S.C. § 1382. To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months. *Id*.

To decide if a claimant is entitled to Social Security benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps. 20 C.F.R. § 404.1520(a). The claimant has the burden of proof regarding the first four steps:[1]

> **Step One**: Is the claimant engaged in "substantial gainful activity"? If so, the analysis ends and disability benefits are denied. Otherwise, the ALJ proceeds to step two.
>
> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments? A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step. Otherwise, the ALJ proceeds to step three.
>
> **Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to

---

[1] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.

**Step Four:** Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis. 20 C.F.R. § 404.1520(f). Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

**Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience? The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. § 404.1520(g). Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id.*

### B. Standard of Review Applicable to ALJ's Determination

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). "Substantial evidence" is less than a preponderance, but more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). It is relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*.

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v.*

---

[2]*Parra*, 481 F.3d at 746.

*Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ, not the Court, is responsible for resolving conflicts and ambiguities in the evidence and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Finally, the Court considers the harmless error doctrine when reviewing an ALJ's decision. An ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II. PLAINTIFF'S APPEAL

### A. Procedural Background

Plaintiff, who was born in 1977, has experience working a number of jobs, such as cashier, teller, and retail sales clerk. (A.R. 72, 1257-58). In 2011, Plaintiff applied for disability insurance benefits. (A.R. 180-86). Plaintiff alleged disability beginning on May 13, 2011 due to schizoaffective disorder and bipolar disorder. (A.R. 72). Social Security denied the application. (A.R. 101-03). In August 2012, upon Plaintiff's request for reconsideration, Social Security affirmed the denial of benefits. (A.R. 112-14). Plaintiff sought further review by an ALJ, who conducted a hearing in March 2014. (A.R. 32-70).

In a May 13, 2014 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. (A.R. 10-31). The Appeals Council denied Plaintiff's request for review. (A.R. 1-6). On October 12, 2015, Plaintiff filed a Complaint in the U.S. District Court for the District of Arizona seeking review and reversal of the ALJ's

decision. Case No. CV-15-02042-PHX-DJH, Doc. 1. On February 28, 2017, the assigned District Judge reversed the ALJ's decision and remanded the matter for further proceedings. (A.R. 1297-1313).

On remand, the matter was assigned to a different ALJ, who held a second administrative hearing in August 2017. (A.R. 1227-63). In a February 2018 decision, the ALJ determined that Plaintiff is not disabled within the meaning of the Social Security Act. (A.R. 1197-1220). The ALJ denied disability insurance benefits and also denied supplemental security income, which Plaintiff applied for in February 2017. (A.R. 1197). The Appeals Council denied review. (A.R. 1189-1191). Plaintiff filed the instant action on March 19, 2019. (Doc. 1).

**B. The ALJ's Application of the Five-Step Disability Analysis**

### 1. Step One: Engagement in "Substantial Gainful Activity"

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since May 13, 2011, the alleged onset date. (A.R. 1200). Neither party disputes this determination.

### 2. Step Two: Presence of Medically Severe Impairment/Combination of Impairments

The ALJ found that Plaintiff has the following severe impairments: schizoaffective disorder, bipolar disorder, history of psychotic disorder, depression, anxiety, history of polysubstance abuse. (A.R. 1200). This determination is unchallenged.

### 3. Step Three: Presence of Listed Impairment(s)

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations. (A.R. 1205). Neither party disputes the ALJ's determination at this step.

### 4. Step Four: Capacity to Perform Past Relevant Work

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of work at all exertional levels, subject to the following non-

exertional limitations: "simple, routine, and repetitive work tasks involving simple work-related decisions and simple instructions with few changes in the work setting and no public contact." (A.R. 1205). Based on the assessed RFC and testimony of the Vocational Expert ("VE") at the administrative hearing, the ALJ concluded that Plaintiff is unable to perform her past relevant work. (A.R. 1210-11). Plaintiff argues that in assessing her RFC, the ALJ improperly rejected her symptom testimony and the limitations assessed by her treating mental health nurse practitioner.

### 5. Step Five: Capacity to Perform Other Work

Based on the assessed RFC and the testimony of the VE, the ALJ concluded that Plaintiff is capable of performing the requirements of representative occupations such as cleaner/housekeeping and advertising material distributor. (A.R. 1211-12). Plaintiff disputes this determination.

### C. **The ALJ Failed to Provide Specific, Clear, and Convincing Reasons for Rejecting Plaintiff's Testimony Regarding her Symptoms**

When evaluating the credibility of a plaintiff's testimony regarding subjective pain or symptoms, the ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). In the first step, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The plaintiff does not have to show that the impairment could reasonably be expected to cause the severity of the symptoms. Rather, a plaintiff must only show that it could have caused some degree of the symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

If a plaintiff meets the first step, and there is no affirmative evidence of malingering, the ALJ can only reject a plaintiff's testimony about the severity of his or her symptoms by offering specific, clear, and convincing reasons. *Lingenfelter*, 504 F.3d at 1036. The ALJ cannot rely on general findings. The ALJ must identify specifically what testimony is not credible and what evidence undermines the plaintiff's complaints. *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010). In weighing a plaintiff's credibility, the ALJ can

consider many factors including: a plaintiff's reputation for truthfulness, prior inconsistent statements concerning the symptoms, unexplained or inadequately explained failure to seek treatment, and the plaintiff's daily activities. *Smolen*, 80 F.3d at 1284; *see also* 20 C.F.R. § 404.1529(c)(4) (Social Security must consider whether there are conflicts between a claimant's statements and the rest of the evidence).

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, but concluded that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms (Exhibits 3E, 8E; Hearing Testimony; Exhibits 5E, 11E) are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (A.R. 1206). As discussed below, the ALJ committed harmful error in discounting Plaintiff's symptom testimony.

In explaining how her medical problems have interfered with her ability to work, Plaintiff stated at administrative hearing:
> I think people are reading my mind. I think the television and radio talk to me from time-to-time. I think the bad guys, and the good guys are following me everywhere I go. I believe I'm being watched out of cameras of phones, and purses, shoes, bags, backpacks. I can't go to church because I feel like my mind is being read, and people are doing hand signals when I think a bad thought.

(A.R. 1239; *see also* A.R. 1251-53). Plaintiff also stated that she has "been going consistently downhill." (*Id.*). Plaintiff recounted that she has visual hallucinations of tarantulas and spiders and audio hallucinations of her dead cat crying. (*Id.*). Plaintiff testified that her medications do not help with her hallucinations and feelings of being watched. (A.R. 1244). In addition, Plaintiff testified that she cut herself the night before the August 2017 administrative hearing, explaining that she sometimes gets the urge to do so when depressed. (A.R. 1254).

In explaining why Plaintiff's symptom testimony was discounted, the ALJ's decision notes that Plaintiff's symptoms improved with treatment. (A.R. 1207). The ALJ identified isolated instances in the record when Plaintiff's symptoms improved in response

- 7 -

to medication or intensive outpatient treatment programs. (A.R. 1201-03, 1206-08). The ALJ acknowledged that Plaintiff's "history of fixed delusions, mood disturbance, and anxiety" warranted several acommodations to basic mental work activities. (A.R. 1206). However, the ALJ concluded that Plaintiff "appears to have done relatively well with symptom management such that her symptoms did not persist at a disabling level for any 12-month period." (A.R. 1206-07).

The Ninth Circuit has stated that when "a person who suffers from severe panic attacks, anxiety, and depression" improves, that "does not mean that the person's impairments no longer seriously affect her ability to function in a workplace." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001); *see also Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995) ("Occasional symptom-free periods—and even—the sporadic ability to work—are not inconsistent with disability."). "Cycles of improvement and debilitating symptoms are a common occurrence [in mental illness], and it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014); *see also Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016) (ALJ may not focus on isolated periods of improvement without examining broader context of claimant's condition).

Although the record reflects cycles of improvement during which some of Plaintiff's symptoms stabilized or subsided, the record is also replete with reports of hallucinations, delusions, anxiety, paranoia, hospitalizations for active suicidal ideations, delusions, and a major depressive episode. (A.R. 789, 824, 880, 1203, 2026, 2027, 2031, 2069, 2102). For example, in 2012, Plaintiff's treating mental health nurse practitioner ("NP"), Elizabeth Rogers, noted that Plaintiff seemed "much improved with medications" but that her "fixed delusional system [regarding] 'bad guys' continue[d]." (A.R. 1101). Additionally, in March and April 2016, although Plaintiff progressed in therapy, she continued to have strong delusions and paranoia. (A.R. 2027). Finally, although Plaintiff was able to participate in activities, her delusional thoughts and anxiety persisted, and on one occasion,

she reported cutting herself. (A.R. 655, 662, 667, 846). The Court does not find that substantial evidence supports the ALJ's conclusion that Plaintiff's mental impairments have improved to the degree that would allow her to sustain employment. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Further, although the ALJ was permitted to consider a lack of objective medical evidence when evaluating Plaintiff's credibility, that reason alone was insufficient to reject the claimant's testimony. *See Burch*, 400 F.3d at 680.

"The clear and convincing standard is the most demanding required in Social Security cases." *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002). "Sheer disbelief" of the severity of a claimant's symptoms "is no substitute for substantial evidence." *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004). The Court finds that the ALJ failed to provide specific, clear, and convincing reasons supported by substantial evidence for discounting Plaintiff's symptom testimony regarding her mental impairments.

### D. The ALJ Failed to Provide Germane Reasons Supported by Substantial Evidence for Rejecting the Opinions of Plaintiff's Treating Psychiatric Mental Health Nurse Practitioner

Although an ALJ must provide specific and legitimate reasons for rejecting the opinion of a "medically acceptable treating source," the ALJ may discount the opinion of an "other source" by providing germane reasons that are supported by substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). At the time Plaintiff filed her claim, nurse practitioners fell under the definition of "other sources." 20 C.F.R. § 404.1513(a). Regardless of the source, when evaluating a medical opinion, the ALJ may consider the length of the treatment relationship, the extent to which the opinion is supported and explained, the opinion's consistency with the record as a whole, and whether the source has specialized knowledge. 20 C.F.R. § 404.1527(f)(1).[3]

In 2012, 2014, and 2017, NP Elizabeth Rogers completed medical assessments of Plaintiff's ability to perform work-related activities. (A.R. 473-74, 709-10, 1605-08). The

---

[3] This section has since been amended, but still applies to all claims filed before March 27, 2017. 20 C.F.R. § 404.1527.

ALJ gave "minimal weight" to NP Rogers' opinions for several reasons. (A.R. 1208-09).

First, the ALJ stated that none of NP Rogers' assessments "contain much narrative explanation." (A.R. 1208). An ALJ may reject check-box assessments that do not contain adequate explanation. *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996). However, an opinion in check-box form may be entitled to substantial weight if it is supported by a long treatment relationship and numerous medical records that reinforce the opinion. *See Garrison*, 759 F.3d at 1014 n.17. Although NP Rogers' assessments are in check-box form, the record contains her detailed treatment notes spanning several years. The Court finds that based on the record, the ALJ improperly discounted NP Rogers' opinions based on the ground that the opinions do not provide narrative explanation. *See id.* at 1013 (finding that an ALJ committed "a variety of egregious and important errors," including failing "to recognize that the opinions expressed in check-box form in the February 2008 RFC Questionnaire were based on significant experience with Garrison and supported by numerous records, and were therefore entitled to weight that an otherwise unsupported and unexplained check-box form would not merit").

Next, the ALJ stated that she "cannot afford [NP Rogers] opinion much weight because [Plaintiff's] symptoms subsequently improved throughout 2012 . . . ." (A.R. 1208). The ALJ further stated that "the available medical records do not support the opinion that [Plaintiff's] psychiatric impairments resulted in the degree of limitation reported by NP Rogers for any 12-month period." (A.R. 1209). NP Rogers documented some improvement in Plaintiff's symptoms throughout the course of their relationship. (A.R. 1201-03). However, she also recorded many instances when Plaintiff's debilitating symptoms returned and persisted. (*Id.*). As the District Court previously found, although NP Rogers' assessments and treatment notes reflect some improvement in Plaintiff's symptoms, they are not inconsistent with her overall conclusion that Plaintiff is incapable of working. (A.R. 1307-08) (citing *Ghanim*, 763 F.3d at 1162). The ALJ's decision does not sufficiently explain how NP Rogers' notes of Plaintiff's improvement translate to Plaintiff's ability to work. *See Garrison*, 759 F.3d at 1017 (quoting *Hutsell v. Massanari*,

259 F.3d 707, 712 (8th Cir. 2001)). Upon reviewing the record, the Court finds that substantial evidence does not support the ALJ's finding that NP Rogers' assessments were inconsistent with Plaintiff's improvement as reflected in NP Rogers' own treatment records.

As a final reason for discounting NP Rogers' assessments, the ALJ noted that NP Rogers and Plaintiff completed the assessments together. (A.R. 1209). An ALJ may reject a medical source opinion that is largely premised on a claimant's subjective reports of pain or limitations that have been properly discounted. *See Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (emphasis added). Here, however, the ALJ did not provide sufficient reasons for rejecting Plaintiff's symptom testimony. Therefore, the ALJ improperly rejected NP Rogers' assessments on the basis that they were completed with Plaintiff's input.

For the above reasons, the Court finds that the ALJ did not provide germane reasons supported by substantial evidence for rejecting NP Rogers' assessments.

### E. The Case Will Be Remanded for an Award of Benefits

Ninth Circuit jurisprudence "requires remand for further proceedings in all but the rarest cases." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014). The Ninth Circuit has adopted a test to determine when a case should be remanded for payment of benefits in cases where an ALJ has improperly rejected claimant testimony or medical opinion evidence. *Id.* at 1100-01; *Garrison*, 759 F.3d at 1020. This test is commonly referred to as the "credit-as-true" rule, which consists of the following three factors:

> 1. Has the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion? *Treichler*, 775 F.3d at 1100-01.
>
> 2. Has the record been fully developed, are there outstanding issues that must be resolved before a disability determination can be made, or would further administrative proceedings be useful? *Id.* at 1101. To clarify this factor, the Ninth Circuit has stated that "[w]here there is conflicting evidence, and not

> all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id*.
>
> 3. If the improperly discredited evidence were credited as true, would the ALJ be required to find the claimant disabled on remand? *Id*.; *Garrison*, 759 F.3d at 1020.

Where a court has found that a claimant has failed to satisfy one of the factors of the credit-as-true rule, the court does not need to address the remaining factors. *Treichler*, 775 F.3d at 1107 (declining to address final step of the rule after determining that the claimant has failed to satisfy the second step). Moreover, even if all three factors are met, a court retains the discretion to remand a case for additional evidence or to award benefits. *Id*. at 1101-02. A court may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021. In *Treichler*, the Ninth Circuit noted that "[w]here an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." 775 F.3d at 1105.

After examining the record, the Court finds no outstanding issues of fact to be resolved through further proceedings. At the administrative hearing, the VE testified that Plaintiff would be precluded from all work if the additional limitations assessed by NP Rogers were taken into account (i.e. missing three days of work per month; having severe limitations in completing a normal workday and workweek without interruptions from psychologically based symptoms; having moderately severe to severe limitations in performing at a consistent pace without an unreasonable number and length of rest periods; having severe restrictions in relating to other people; having moderately severe limitations in understanding, carrying out, and remembering instructions; and having moderately severe limitations in responding appropriately to supervision, coworkers, and customary work pressures). (A.R. 1260-61). The VE's testimony establishes that if NP Rogers' opinions were credited-as-true, the ALJ would be required to find that Plaintiff is disabled. The Court does not find any material evidence in the record that creates serious doubt that Plaintiff is in fact disabled. Therefore, based on the record, the Court finds it inappropriate

to remand the case for further proceedings. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility.") (citation omitted). The Court will remand the case for an immediate award of benefits effective May 13, 2011 (the disability onset date).

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** reversing the decision of the Commissioner of Social Security and remanding this case to the Commissioner for an immediate award of benefits effective May 13, 2011.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

Dated this 10th day of April, 2020.

Honorable Eileen S. Willett
United States Magistrate Judge